07-2344-cr
USA v. Carlton

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2007

(Argued: June 24, 2008                                    Decided: July 16, 2008)

Docket No. 07-2344-cr

UNITED STATES OF AMERICA,

       *Appellee*,

       v.

RASHEIM CARLTON,

       *Defendant-Appellant.*

Before: WINTER, MINER, and CABRANES, *Circuit Judges.*

       Defendant appeals from a judgment of conviction following a jury trial in the U.S. District Court for the Southern District of New York (Stephen C. Robinson, *Judge*). We hold that recusal from a criminal trial is not required by 28 U.S.C. §§ 455(a), (b)(1) where a judge has previously determined a defendant's guilt for the purposes of concluding that he violated the terms of his supervised release.

       Affirmed.

> BRENT S. WIBLE, Assistant United States Attorney (Michael J. Garcia, United States Attorney, John M. Hillebrecht, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee.*
>
> SAMUEL M. BRAVERMAN, New York, NY, *for Defendant-Appellant.*

JOSÉ A. CABRANES, *Circuit Judge*:

       On appeal from a judgment of conviction of bank robbery in the District Court (Stephen C. Robinson, *Judge*), defendant contends that the judge who presided over defendant's trial on bank

robbery charges should have disqualified himself because this same judge, in the course of finding that defendant had violated the terms of supervised release, determined that defendant had committed the bank robbery in question. We conclude that neither Section 455(a) nor Section 455(b)(1) of the relevant statute[1] requires a judge to recuse himself in those circumstances.

## BACKGROUND

We recite briefly here the facts relevant to defendant's motion for recusal. Additional background is set forth in our decision on appeal from the District Court's entry of judgment in the revocation matter. *See United States v. Carlton*, 442 F.3d 802, 804-06 (2d Cir. 2006).

In July 2003, defendant-appellant Rashiem Carlton began a five-year term of supervised release arising from a previous conviction of bank robbery in United States District Court for the Southern District of New York. In June 2004, the Government filed a petition in the District Court seeking revocation of defendant's supervised release, charging that defendant had violated the conditions of supervised release by, *inter alia*, committing a bank robbery on May 28, 2004. Judge Robinson[2] held a revocation hearing and concluded that the Government had proved by a preponderance of the evidence that defendant had committed the May 28, 2004 robbery. The District Court then revoked defendant's term of supervised release and imposed a term of imprisonment of 30 months as a sentence for the previous bank robbery conviction.[3]

---

[1] 28 U.S.C. § 455 governs the disqualification of federal judges. Subsection (a) requires that any "judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute also enumerates specific circumstances in which a judge must disqualify himself, including when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

[2] Defendant was initially sentenced by Judge Barrington D. Parker, Jr., who was then serving on the District Court but later joined our Court. At the time the Government filed its revocation petition, the case was reassigned to Judge Robinson.

[3] At the sentencing hearing on the violation of conditions of supervised release, the District Court observed:

I will say that I certainly found [that defendant had committed the crimes] by a preponderance [of the evidence]. I, if called upon, would have found beyond a reasonable doubt, and believe a jury would have, but that's speculation, that Mr. Carlton was, in fact, guilty of [the May 28, 2004 robbery and conspiracy charges].

2

In August 2005 defendant was indicted on three counts relating to the May 28, 2004 bank robbery. Judge Robinson was assigned to hear the case. Defendant subsequently filed a motion seeking the recusal of Judge Robinson, pursuant to 28 U.S.C. § 455(a), on the grounds that Judge Robinson's impartiality in the criminal trial could reasonably be questioned—Judge Robinson having previously determined that defendant was guilty of this conduct in the hearing that led to the revocation of defendant's supervised release. Judge Robinson denied the recusal motion after concluding that the "extrajudicial source" doctrine did not require recusal in these circumstances. The case eventually proceeded to trial before a jury, and defendant was convicted of both bank robbery in violation of 18 U.S.C. §§ 2113(a),(d), and (2) and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(C)(i) and 2. He was then sentenced by Judge Robinson principally to a term of 600 months' incarceration. This appeal followed.

On appeal, defendant argues that (1) Judge Robinson erred in declining to recuse himself from presiding over defendant's criminal trial after previously concluding in the revocation proceeding that defendant had committed the bank robbery at issue; (2) the District Court erred in denying defendant's motion to dismiss the indictment on the grounds that defendant's conviction in the instant case violated the Double Jeopardy Clause, *see* U.S. Const. amend. V; and (3) the District Court erred by admitting evidence of prior bank robberies committed by the defendant in violation of Federal Rule of Evidence 404(b).

---

There was no doubt in my mind as to either a preponderance standard or even on a . . . beyond a reasonable doubt standard. . . . I just wanted to say that so that the record is also clear on that point.

The District Court found that defendant had committed both the May 28, 2004 robbery and had conspired to commit another bank robbery and imposed a term of 35 months' incarceration. On appeal to our Court, we concluded that the evidence of the conspiracy was insufficient and remanded the case. *See United States v. Carlton*, 442 F.3d 802, 812 (2d Cir. 2006). On remand, the District Court reduced the term of incarceration to 30 months.

**DISCUSSION**

We hold that a district judge is not required by 28 U.S.C. §§ 455(a) or (b)(1) to recuse himself from presiding over a criminal trial merely because he previously determined that a defendant was guilty of the same conduct in a parole revocation hearing. We reject as lacking in merit defendant's claims that the District Court violated defendant's rights under the Double Jeopardy Clause and that the District Court erred in admitting evidence of defendant's prior crimes and bad acts.

**A.      Recusal**

We review a district court's decision to deny a recusal motion for abuse of discretion. *See United States v. LoCascio*, 473 F.3d 493, 495 (2d Cir. 2007). When such a motion was not made below or a new ground for recusal is raised on appeal, we review a district court's failure to recuse itself for plain error. *See, e.g.*, *United States v. Bayless*, 201 F.3d 116, 128-29 (2d Cir. 2000).

The requirement of Section 455(a), *see* note 1 *ante*, that a judge recuse himself whenever his "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), is commonly limited to those circumstances in which the alleged impartiality "stem[s] from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544 (1994) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also id.* at 554-55 (describing this principle as the "'extrajudicial source' *factor*, [rather] than . . . an 'extrajudicial source' *doctrine*"); *id.* at 551 (noting that an "extrajudicial source" is a "*common* basis, but not the exclusive one" for establishing bias or prejudice). Accordingly, "opinions held by judges as a result of what they learned in earlier proceedings" in a particular case are not ordinarily a basis for recusal. *Id.* at 551. The same rationale applies to proceedings in a different case involving the same defendant and the same set of facts. *Cf. id.* at 552 ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."). Having heard evidence and made a determination of defendant's guilt in a revocation hearing, a judge may properly preside over the subsequent criminal trial for the same offense.

4

Furthermore, a judge's comments during a proceeding that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* at 555. The judge's opinions or comments must demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*; *see also id.* at 551 (requiring a "predisposition . . . so extreme as to display clear inability to render fair judgment").

In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted)). Employing this standard, none of Judge Robinson's statements at the revocation hearing or his ultimate determination that defendant had committed the May 28, 2004 bank robbery might cause Judge Robinson's impartiality reasonably to be questioned or "make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Defendant's previously unraised claim that Section 455(b)(1), *see* note 1 *ante*, also required Judge Robinson to recuse himself is without merit. That provision requires recusal where, among other factors, a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Unlike a situation in which a trial judge has knowledge of disputed evidence gained from an extrajudicial source, defendant merely alleges that Judge Robinson gained knowledge of disputed facts during the previous revocation hearing. However, as we have previously stated, "[k]nowledge acquired by the judge while he performs judicial duties does not constitute grounds for disqualification." *United States v. Coven*, 662 F.2d 162, 168 (2d Cir. 1981). Therefore neither Section 455(a) nor Section 455(b)(1) require recusal.[4]

---

[4] In *United States v. Coven*, we stated that the term "personal" in Section 455(b)(1) "means 'extrajudicial.'" 662 F.2d, 162, 168. Accordingly, we held that, under Section 455(b)(1), knowledge "must stem from an extrajudicial source to warrant disqualification." *Id.* Subsequently, the Supreme Court suggested in *Liteky v. United States* that "personal bias or prejudice," another term that appears in Section 455(b)(1), could arise during a judicial proceeding and could be

5

**B.      Double Jeopardy**

We review *de novo* the denial of a motion to dismiss an indictment on double jeopardy grounds. *See United States v. Olmeda*, 461 F.3d 271, 278 (2d Cir. 2006).

We have previously held in similar circumstances that a "defendant may be both punished for the supervised-release violation and prosecuted criminally for the same conduct without implicating principles of double jeopardy." *United States v. Meeks*, 25 F.3d 1117, 1122 (2d Cir. 1994), *abrogated on other grounds*, *Johnson v. United States*, 529 U.S. 694, 699 (2000); *see also United States v. Grisanti*, 4 F.3d 173, 176 (2d Cir. 1993) ("[J]eopardy does not attach at parole or probation hearings."). We adhere to that holding here.

**C.      Admission of Prior Bad Acts Evidence**

We review a district court's evidentiary rulings for abuse of discretion. *See, e.g.*, *United States v. Germosen*, 139 F.3d 120, 127 (2d Cir. 1998).

We conclude that the District Court did not err in admitting evidence of defendant's prior crimes and bad acts. As we have repeatedly held, our Court "follows the 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (internal citation omitted). The evidence of defendant's three prior convictions for bank robbery was properly admitted to show identity through a common *modus operandi*, *see* Fed. R. Evid. 404(b) (evidence of prior bad acts admissible to prove identity). While any of the similarities between

grounds for recusal. 510 U.S. 540, 550 (1994) ("Imagine, for example, a lengthy trial in which the presiding judge for the first time learns of an obscure religious sect, and acquires a passionate hatred for all its adherents. This would be 'official' rather than 'personal' bias, and would [under a strict reading of 'personal' as 'extrajudicial'] provide no basis for the judge's recusing himself."). However, the Supreme Court did not posit a situation where personal knowledge, as opposed to personal bias or prejudice, would arise during a judicial proceeding, nor can we think of one. Although we are aware that, after *Liteky*, our categorical definition of "personal" to mean "extrajudicial" does not likely apply to "personal bias or prejudice," we see no reason to revise our holding in *Coven* that "personal knowledge" must arise outside of the judicial function.

the prior bank robberies and the charged crime—such as location, the takeover style of the robberies, or use of a getaway car—when viewed in isolation may not have established a *modus operandi*, taken together they establish the existence of a pattern. *See United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984) ("The similarity sufficient to admit evidence of past acts to establish a recurring *modus operandi* need not be complete; it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence."); *United States v. Danzey*, 594 F.2d 905, 911 (2d Cir. 1979) (considering the admission of evidence of prior bank robberies to establish identity). The admission of this evidence was not unduly prejudicial, and the District Court issued a limiting instruction to minimize any unfair prejudice.

## CONCLUSION

For the reasons stated above, the judgment is affirmed.