09-3262-cr
United States v. Monroe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
            ROBERT A. KATZMANN,
            DEBRA A. LIVINGSTON,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
            Appellee,

            -v.-                                  09-3262-cr

EDWARD MONROE,
            Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          LISA A. PEEBLES, First Assistant
                        Federal Public Defender (James
                        P. Egan, Research and Writing
                        Specialist, on the brief), for
                        Alexander Bunin, Federal Public
                        Defender, Syracuse, New York.

FOR APPELLEE:           BRENDA K. SANNES, Assistant
                        United States Attorney (Kevin P.

Dooley, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Edward Monroe appeals his conviction, arguing that the district court abused its discretion in admitting evidence of his prior conviction for possessing child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court accords "considerable deference to a district court's decision to admit . . . evidence" pursuant to Federal Rule of Evidence 404(b), <u>United States v. Paulino</u>, 445 F.3d 211, 221 (2d Cir. 2006), and will reverse a district court's evidentiary ruling only if it identifies an abuse of discretion, <u>United States v. Mercado</u>, 573 F.3d 138, 141 (2d Cir. 2009). When we review a district court's "judgment regarding the admissibility of a particular piece of evidence under [Federal Rule of Evidence 403], we generally maximize its probative value and minimize its prejudicial effect." <u>United States v. Downing</u>, 297 F.3d 52, 59 (2d Cir. 2002) (internal quotation marks and brackets omitted).

Our Circuit "follows the inclusionary approach to other crimes, wrongs, or acts evidence." <u>United States v. Carlton</u>, 534 F.3d 97, 101 (2d Cir. 2008) (internal quotation marks omitted). Under this approach, evidence of a prior crime "is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial[,] . . . or not relevant." <u>Id.</u>

Evidence of Monroe's prior conviction for possessing child pornography was admissible because it was "offered for a proper purpose," it was relevant and of substantial probative value, and the district court provided an

appropriate limiting instruction to the jury. <u>United States v. McCallum</u>, 584 F.3d 471, 475 (2d Cir. 2009) (quoting <u>Huddleston v. United States</u>, 485 U.S. 681, 691 (1988)). Contrary to Monroe's assertion, his offer to "stand mute" was "not an adequate substitute for the evidence" of his prior crime. <u>United States v. Polouizzi</u>, 564 F.3d 142, 153 (2d Cir. 2009).

Finding no merit in any of the arguments presented by Monroe on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK