09-4188-cv
Fraser v. Fiduciary Trust Co. Int'l

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of October, two thousand ten.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
              *Circuit Judges*,
           JOHN G. KOELTL,
              *District Judge*.[*]

-------------------------------------------------------------------------------------

GREGORY A. FRASER,
              *Plaintiff-Appellant*,

     v.                                 No. 09-4188-cv

FIDUCIARY TRUST COMPANY INTERNATIONAL,
FRANKLIN RESOURCES INC., MICHAEL
MATERASSO, JEREMY H. BIGGS, WILLIAM Y. YUN,
CHARLES B. JOHNSON, ANNE M. TATLOCK,
GREGORY E. JOHNSON, MARTIN L. FLANAGAN,
              *Defendants-Appellees*.

-------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:       GREGORY A. FRASER, *pro se*, East Orange, New Jersey.

---

[*] District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEES:     DAVID S. WARNER, Littler Mendelson,
                             New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 27, 2009, is AFFIRMED.

Pro se plaintiff Gregory A. Fraser appeals from an award of summary judgment in favor of defendants on his claim of retaliatory discharge for protected whistleblowing activity in violation of the Sarbanes-Oxley Act.[1] See Pub. L. No. 107-204, § 806(a), 116 Stat. 745, 802-04 (2002) (codified at 18 U.S.C. § 1514A). We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment" is entered. See Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010). We will uphold such an award only if the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2). In applying this standard here, we assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

Upon careful review of the record, we conclude that summary judgment was appropriately entered in favor of defendants, largely for the reasons stated by the district

---

[1] Insofar as a footnote in Fraser's appellate brief suggests that defendants also unlawfully retaliated against him by moving his desk, reassigning certain work, and failing to include him in some meetings, the argument is not properly raised for our review. See John Doe, Inc. v. Mukasey, 549 F.3d 861, 878 n.13 (2d Cir. 2008).

2

court, i.e., Fraser has failed to adduce evidence that would permit a reasonable factfinder to conclude that he engaged in activity protected by Sarbanes-Oxley. See 29 C.F.R. § 1980.104(b)(1). Specifically, the record evidence would not permit a factfinder to conclude that Fraser held both a subjective and objectively reasonable belief that he was reporting conduct covered by that law. See 18 U.S.C. § 1514A(a)(1); Guyden v. Aetna, Inc., 544 F.3d 376, 384 (2d Cir. 2008). Nor has he adduced sufficient evidence to permit a factfinder to conclude that the clear and convincing evidence showing he was fired for marketing an unauthorized investment vehicle was only a pretext for retaliation.

To the extent Fraser faults the district court for failing to analyze the record evidence according to the burden shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), we identify no error because Sarbanes-Oxley provides its own burden-shifting framework, see 49 U.S.C. § 42121(b)(2)(B); see also 18 U.S.C. § 1514A(b)(2)(C). Some of our sister circuits have concluded that the two standards are not identical. See Day v. Staples, Inc., 555 F.3d 42, 53 n.6 (1st Cir. 2009); Allen v. Admin. Review Bd., 514 F.3d 468, 476 (5th Cir. 2008). We need not decide that question here because we conclude that Fraser's retaliation claims fail as a matter of law under either analytic framework.

Fraser nevertheless submits that the district judge erred in failing to recuse himself upon learning that he and defendant Tatlock were both members of the Lower Manhattan Development Corporation ("LMDC"). Although Fraser did not specifically move for recusal, a judge is obliged to take such action if circumstances indicate that his "impartiality

3

might reasonably be questioned." 28 U.S.C. § 455; United States v. Bayless, 201 F.3d 116, 127-30 (2d Cir. 2000) (considering whether judge should have sua sponte recused himself). In these circumstances, however, our review is limited to plain error, see United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008), which we do not identify here.  The trial judge explained that his work with the LMDC ceased in April 2005, and that he had no recollection of ever having met Tatlock.  Fraser failed to adduce evidence to the contrary in the district court, and we do not consider documents presented for the first time on appeal.  See Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002).[2]  On this record, the district court's impartiality could not reasonably be questioned.

We have considered Fraser's other arguments on appeal and conclude that they lack merit.  Accordingly, we AFFIRM the August 27, 2009 judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] In any event, Fraser's newly submitted documents show only the district judge's participation on the LMDC advisory board, without indicating that he met or knew Tatlock.

4