**UNITED STATES of America,**

**v.**

**Christopher REESE, Defendant.**

**No. S2 12 Cr. 629.**

United States District Court,
S.D. New York.

March 22, 2013.

---

Micah William Janso Smith, U.S. Attorney's Office, New York, NY, for United States of America.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Government has filed a motion *in limine* (the "Motion") related to the upcoming trial in this matter. (Dkt. No. 45.) The Government requests that the Court (1) allow it to introduce evidence of certain of defendant Christopher E. Reese's ("Reese") other acts under Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"), and (2) preclude Reese from advancing arguments relating to potential penalties he faces, about prosecutorial motives, and about jury nullification.[1] For the reasons discussed below, the Government's Motion is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

## I. BACKGROUND

On February 20, 2013, the Government filed a second superseding indictment (the

---

1. The Government's Motion also includes a section advising the Court of the legal authority for its expected cross examination of Reese should he testify. As the Government has not asked for a ruling on this matter (it is not clear at the time of this Decision and Order whether Reese will testify), the Court will not address it further here.

"Indictment") charging Reese, William N, Green ("Green") and Nefateemia Massey ("Massey") with conspiracy to commit bank fraud (18 U.S.C. § 1349), bank fraud (18 U.S.C. § 1344) and conspiracy to commit wire fraud (18 U.S.C. § 1349).[2] The Indictment further charged Reese with aggravated identity theft (18 U.S.C. § 1028A). (*See* Dkt. No. 35.) Green and Massey subsequently entered guilty pleas, leaving Reese as the sole remaining defendant in this matter, and thus the sole focus of the Government's Motion.

## II. INTRODUCTION OF OTHER ACTS PURSUANT TO RULE 404(b)

 Rule 404(b) provides that evidence of prior bad acts "may" be admissible to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Second Circuit "follows the 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under [Federal Rule of Evidence] 403 or not relevant under [Federal Rule of Evidence] 402," *United States v. Carlton,* 534 F.3d 97, 101 (2d Cir.2008) (citation omitted). A district court properly admits such evidence under Rule 404(b) of the Federal Rules of Evidence when "(1) the prior acts evidence [i]s offered for a proper purpose; (2) the evidence [i]s relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweigh[s] the danger of its unfair prejudice; and (4) the court administer[s] an appropriate limiting instruction." *United*

*States v. Brand,* 467 F.3d 179, 196 (2d Cir.2006) (citation omitted). A district court enjoys "broad discretion" in determining whether to admit evidence pursuant to Rule 404(b). *Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d Cir.1991).

In this case, the Government alleges that Reese and his co-defendants engaged in a scheme to defraud by-stealing checks sent to certain companies and depositing them into the bank accounts of individuals unaffiliated with those companies. Specifically, with regard to Reese, the Government alleges that he (1) used at least two cellular telephones in furtherance of the conspiracy, one of which he concealed from his probation officer; (2) used other people to perform the riskiest tasks in the scheme (*i.e.,* providing bank accounts and actually entering the banks to deposit the checks); (3) used stolen identity information to open a PayPal account, which he linked to a bank account that contained proceeds from a stolen check; (4) caused others to send stolen funds through MoneyGram and Western Union; and (5) stole or caused the theft of checks in the mail from the building located at 261 Madison Avenue in Manhattan, New York.

The Government seeks to introduce evidence relating to four of Reese's prior convictions, as well as testimony he offered in a trial. These episodes, briefly stated, are as follows:

- A 2002 conviction (the "2002 Conviction") of conspiracy to commit wire fraud that involved the use of cellular telephones not registered in Reese's name to trick MoneyGram agents into transferring funds.

---

**2.** The original indictment in this case was filed on August 15, 2012, and charged only Green with violating 18 U.S.C. § 1344, 18 U.S.C. § 1349, and 18 U.S.C. § 1028A. (*See* Dkt. No. 5.) The first superseding indictment

was filed on November 29, 2012, and charged Green, Reese, and Massey with violating the same three provisions as the original indictment. (*See* Dkt. No. 11.)

- A 2001 conviction (the "2001 Conviction") of access to device fraud that involved Reese using at least two cellular telephone numbers that did not belong to him, and one bank account without authorization.
- A 1995 conviction (the "1995 Conviction") of possession of stolen securities with intent to deceive and a 1992 conviction (the "1992 Conviction"), both of which involved schemes where Reese used cellular telephones to trick certain agents (this time from American Express and Traveler's Express) into transferring funds.
- Testimony on behalf of the defendant in a 2001 trial (the "2001 Testimony") in which Reese admitted to stealing credit cards from the mail.

■ The Government argues that these prior acts are admissible to show knowledge, intent, or identity. When seeking to offer such evidence to prove Reese's knowledge or intent, the Government must demonstrate that the prior acts and the charged offenses were "similar." *See United States v. LaFlam,* 369 F.3d 153, 156 n. 1 (2d Cir.2004) (applying this test when evidence is offered to prove "intent or knowledge"). When offered to prove identity through "modus operandi," the prior acts must "share an unusual characteristic or signature" with the charged offenses, *see Universe Antiques, Inc. v. Vareika,* No. 10 Civ. 3629, 2011 WL 5117057, at *3 (S.D.N.Y. Oct. 21, 2011).

■ The Court is persuaded that Reese's prior convictions and his past testimony are sufficiently similar to the charged offenses to bear on the issues of knowledge and intent. *See United States v. Watts,* No. S3 09 Cr. 62, 2011 WL 167627, at *6 (S.D.N.Y. Jan. 11, 2011) (noting that evidence of similar frauds is "routinely admissible in fraud cases such as this one[ ]" and allowing evidence of tax fraud where defendant was accused of,

among other charges, violating RICO and conspiring to commit money laundering). Further, the relevance of each piece of evidence to the disputed issues in this case is clear: each prior conviction involves Reese engaging in fraudulent practices to gain money, and his testimony points to the same type of action—stealing financial instruments directly from the mail—at issue here. Finally, as Reese's prior convictions and his past testimony do not involve conduct "any more sensational or disturbing" than the charged offenses, their introduction is not more prejudicial than probative. *United States v. Sanchez,* 518 F.Supp.2d 615, 616 (S.D.N.Y.2007) (noting further that gap of nine years between prior acts and charged offense "is not sufficient by itself to preclude its use at trial if other relevant criteria are satisfied").

■ However, the Court is not persuaded from the descriptions offered in the Motion that any of the prior acts described above share enough characteristics with the charged offenses that they share the "signature" required for use in establishing a modus operandi under Rule 404(b). *See United States v. Danzey,* 594 F.2d 905, 911 (2d Cir.1979) (noting that the evidence in that case "went further" than "close parallel" where the defendant admitted a "trademark" sufficient for modus operandi).

Both the 2001 Conviction and the 2001 Testimony are demonstrably different from the charged offenses. Neither involves a conspiracy, for instance, nor a money transfer agency. And while Reese's 2001 Conviction involved the use of cell phones and a bank account that did not belong to him and he admitted in his 2001 Testimony to stealing credit cards from the mail, neither contains the same "signature" the Government highlights in describing the charged offenses. *See Vareika,* 2011 WL 5117057, at *3 (allowing

evidence to show modus operandi where prior act and charged offenses "share[d] an unusual characteristic or signature, namely, misattribution of art to a prominent source").

The 2002 Conviction, the 1995 Conviction, and the 1992 Conviction share some similarities with the charged offenses— *e.g.*, they involve Reese assuming identities in order to facilitate the fraudulent transfer of monies to accounts controlled by himself and his co-conspirators—but a closer look reveals notable differences such that they do not share a "signature." First, none of these three prior convictions involve the outright theft of checks. Second, it is not at all clear from the Government's own description that Reese employed his co-conspirators to engage in the "riskiest" behavior in the 1995 Conviction and the 1992 Conviction (indeed, co-conspirators' roles are not mentioned at all). Third, it is not enough, as the Government alleges, that Reese "availed himself of MoneyGram" to further the fraud—indeed, the Court suspects that using a wire transfer agency would be fairly common in cases alleging conspiracy to commit wire fraud. (Dkt. No. 45 at 12.) In the previous convictions, Reese assumed the identity of wire transfer agents in order to direct the transfer of fraudulent money orders, whereas here, the Government alleges solely that Reese "caused others to send funds from stolen checks through MoneyGram" and another wire agency. (Dkt. No. 45 at 2.) With these facts, mere use of MoneyGram is not an "unusual characteristic."

The Court is mindful of the Second Circuit's holding that similarities necessary to establish modus operandi "need not be complete," but it is not the case from the facts presented here that Reese's prior acts and the allegations here are "sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir.1984); *see also Berkovich*, 922 F.2d at 1022 ("To merit admission under this theory, the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme.' ") (*quoting United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir.1978)). The Court therefore denies without prejudice the Government's request to introduce Reese's prior convictions and past testimony for the purposes of establishing identity. Should the issue arise at a later point—and should the Government have the ability to present greater detail about these prior acts—the Court may revisit this issue.

### III. PRECLUSION OF CERTAIN DEFENSE ARGUMENTS

The Government moves to preclude Reese from introducing defense arguments or certain evidence relating to three topics: possible consequences for the defendant of conviction, jury nullification, and the Government's motive and conduct in prosecuting him. The Court, with some clarification, agrees with the Government on all three.

First, "courts have routinely precluded evidence of possible punishment," *United States v. Del Rosario*, No. S1 12 Cr. 81, 2012 WL 2354245, at *2 (S.D.N.Y. June 14, 2012), and the Court is aware of no reason to depart from the routine in this case. Second, the Court will not permit Reese to advance arguments aimed at jury nullification, and will issue an appropriate instruction to the jurors on this topic. *See United States v. St. Rose*, No. 11 Cr. 349, 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012) (precluding defendant from arguing for acquittal out of sympathy or defendant's immigration status). Finally, the Court has previously held that a defendant "may not argue before the jury issues relating to the overall propriety of the Government's in-

vestigation in this case." *United States v. Demosthene,* 334 F.Supp.2d 378, 380 (S.D.N.Y.2004). However, in that decision, the Court specifically noted the defendant's right to "impeach the veracity of any Government witness through cross-examination," and as such, the "proposed exploration of such witnesses' motives and veracity is permissible." *Id.* Similar leeway would be granted to Reese should he wish to avail himself of it.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Government's motion *in limine* (the "Motion") (Dkt. No. 45), to allow introduction of certain of defendant Christopher Reese's ("Reese") prior acts to show knowledge and intent is **GRANTED;** and it is further

**ORDERED** that the Government's Motion to allow introduction of certain of Reese's prior acts to show identity is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that the Government's Motion to preclude Reese from introducing certain arguments is **GRANTED.**

**SO ORDERED.**