Dekom v. New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges.*

_____

MARTIN DEKOM, KENNETH JACOBY, CAROL PENDLETON, on behalf of the Estate of Robert Pendleton,

*Plaintiffs-Appellants*,

v.                                                    No. 13-2773-cv

STATE OF NEW YORK; ANDREW CUOMO, Governor; ERIC T. SCHNEIDERMAN, Attorney General; NEW YORK STATE BOARD OF ELECTIONS; JAMES WALSH, Commissioner; EVELYN AQUILLA, Commissioner; DOUGLAS KELLNER, Commissioner; GREGORY P. PETERSON, Commissioner; NASSAU COUNTY BOARD OF ELECTIONS; LOUIS SAVINETTI, Republican Commissioner; WILLIAM BIAMONTE, Democratic Commissioner;

*Defendants-Appellees.**

_____

*The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANTS:     Martin Dekom, pro se, Manhasset, New York.

Kenneth Jacoby, pro se, Oceanside, New York.

Carol Pendleton, pro se, Merrick, New York.

FOR APPELLEES:     Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Karen W. Lin, Assistant Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York *for* State of New York, Andrew Cuomo, Governor, Eric T. Schneiderman, Attorney General, New York State Board of Elections, James Walsh, Commissioner, Evelyn Aquilla, Commissioner, Douglas Kellner, Commissioner, Gregory P. Peterson, Commissioner.

Gerald R. Podlesak, Deputy County Attorney *for* Carnell T. Foskey, Nassau County Attorney, Mineola, New York *for* Nassau County Board of Elections, Louis Savinetti, Republican Commissioner, William Biamonte, Democratic Commissioner.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the June 19, 2013 judgment of the district court is AFFIRMED.

In this pro se challenge to provisions of New York State Election Law relating to the designation of candidates for political office, plaintiffs Martin Dekom, Kenneth Jacoby, and Carol Pendleton (on behalf of the Estate of Robert Pendleton) appeal the dismissal of their action for lack of jurisdiction and failure to state a claim, see Fed. R. Civ. P. 12(b)(1), (6), as well as the denial of their motions for recusal of the district judge, and for the referral of

2

their suit to a three-judge panel. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court.

We review de novo the dismissal of a complaint for failure to state a claim, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiffs' favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to admit a "reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." Id. at 678, 679. Dismissals for lack of jurisdiction are likewise reviewed de novo. See Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

Although this court has not explicitly identified the standard of review for denial of a motion for reassignment to a three-judge panel under 42 U.S.C. § 1973aa-2, we have recognized a similar three-judge panel requirement as jurisdictional, see Kalson v. Paterson, 542 F.3d 281, 287 (2d Cir. 2008), thus triggering de novo review.

We review the denial of a recusal motion for abuse of discretion. See United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008). Title 28 U.S.C. § 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias

3

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Under § 455, the relevant inquiry is "whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted).

Applying these principles to the record here, we conclude for the reasons stated by the district court in its well-reasoned and thorough decision that (1) the amended complaint was properly dismissed for lack of jurisdiction and failure to state a claim, (2) the three-judge panel requirement under § 1973aa-2 was inapplicable, and (3) there is no basis for reasonably questioning the impartiality of the district judge so as to require recusal.

We have considered all of plaintiffs' remaining arguments and conclude that they are also without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4