23-6428
United States v. Sokol

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          No. 23-6428

NICHOLAS SOKOL,

> *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:          JOSEPH W. RYAN, JR., Melville Law Center, Melville, NY.

FOR APPELLEE:          KATE MATHEWS (Alixandra Smith, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

## BACKGROUND

Defendant-Appellant Nicholas Sokol pleaded guilty to one count of witness tampering and obstruction of an official proceeding in violation of 18 U.S.C. § 1512(a)(2)(A), (a)(3)(C). The plea agreement reflected the parties' belief that the United States Sentencing Guidelines (the "Guidelines") would recommend a sentence of 46 to 57 months' imprisonment. The United States Probation Office's initial presentence report calculated a Guidelines range of 51 to 63 months and recommended the district court impose a sentence of 51 months' imprisonment. At the sentencing hearing, the district court asked why the presentence report did not apply a cross-reference under U.S.S.G. § 2J1.2(c)(1), which applies to obstruction-of-justice offenses that "involved obstructing the investigation or prosecution of a criminal offense." The district court adjourned Sokol's sentencing for the Probation Office to address the potential applicability of the cross-reference. Later, the Probation Office issued a revised presentence report applying the cross-reference, which yielded an advisory Guidelines range of 121 to 151 months' imprisonment.

2

The Probation Office, however, recommended a sentence of 90 months' imprisonment, and the government recommended 57 months, consistent with the plea agreement. At the second sentencing hearing, the parties agreed that the applicable Guidelines range was 121 to 151 months' imprisonment. After hearing from the parties, the district court sentenced Sokol principally to a term of 84 months' imprisonment and three years of supervised release.

Sokol filed a timely appeal, contending that his sentence of 84 months' imprisonment should be remanded for "clarification" because the district court showed bias, or the appearance of bias, by, among other things, not accepting the government's recommended sentence of 57 months' imprisonment. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal and recount only as necessary to explain our decision to affirm the judgment.

## STANDARD OF REVIEW

"We employ 'a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness).'" *United States v. Martinez*, 110 F.4th 160, 174 (2d Cir. 2024) (quoting *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023)).[1]

"Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [18 U.S.C.] § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d

---

[1] The parties dispute whether we should review Sokol's challenge for plain error. That dispute is immaterial, however, because Sokol's challenge fails under either standard of review.

3

82, 86 (2d Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"If the district court is found to have committed no procedural errors, 'the appellate court should then consider the substantive reasonableness of the sentence imposed,' which includes looking to the 'totality of the circumstances.'"  *Id.* (quoting *Gall*, 552 U.S. at 51). "[S]ubstantive reasonableness examines whether . . . the district court's exercise of its discretion can be 'located within the range of permissible decisions.'"  *United States v. Sims*, 92 F.4th 115, 122 (2d Cir. 2024) (quoting *United States v. Kunz*, 68 F.4th 748, 759 (2d Cir. 2023)).

## DISCUSSION

In sentencing Sokol to a term of 84 months' imprisonment, the district court did not commit any procedural or substantive errors that warrant vacatur.  Furthermore, the record does not support the conclusion that the district court showed, or appeared to show, bias in sentencing Sokol.

### I.   Procedural and Substantive Reasonableness

The district court acted within its authority to question *sua sponte* the initial omission of the sentencing cross-reference and properly concluded that the cross-reference applied because the offense involved obstructing the investigation or prosecution of a criminal offense—namely, a trial before Judge Seybert in the Eastern District of New York.

The district court did not miscalculate the Guidelines.  After applying the § 2J1.2(c)(1) cross-reference, the proper Guidelines range was 121 to 151 months' imprisonment.[2]  Indeed, the

---

[2] Sokol did not dispute this Guidelines calculation before the district court or in his briefs to this Court.  At oral argument before this Court, Sokol's counsel asserted, for the first time, that the application of the § 2J1.2(c)(1) cross-reference was improper because Sokol lacked sufficient connection to the defendant whose prosecution he sought to obstruct.  Even if properly preserved, this argument would lack merit.  Sokol pleaded guilty to witness tampering,

district court imposed a sentence that was not only less than the Probation Office's below-Guidelines recommendation but was also 37 months less than the lower end of the Guidelines range.

Nor did the district court treat the Guidelines as mandatory. In fact, the district court deviated from the Guidelines range and explicitly recognized that the Guidelines are "advisory." App'x at 22.

The district court also considered the § 3553(a) factors, including Sokol's criminal history, mental-health history, and challenging upbringing. *See, e.g.*, *id.* at 32–33. The district court also accounted for Sokol's incarceration during the COVID-19 pandemic, "when incarceration was harder than in the past." *Id.* at 33 ("I do weigh that because you already have been punished more than the time you have been in. I tried to factor that in. But, at the end of the day, it is very serious conduct requiring a very serious sentence."); *see also id.* at 32 ("[The Guidelines recommend] that you should go to jail for at least ten years," but "there[] are a lot of things weighing in your favor."). The district court's consideration of these factors was both reasonable and sufficiently explained.

We have no trouble concluding that, under the circumstances of the case, the district court's below-Guidelines sentence "easily falls within the broad range of permissible decisions available to the district court." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (stating that such a conclusion "is warranted . . . especially when . . . a defendant challenges a *below*-Guidelines

---

and his allocution made clear that his acts were intended to obstruct a pending federal prosecution. Nothing more was required for § 2J1.2(c)(1) to apply. *Cf. United States v. Giovanelli*, 464 F.3d 346, 354 (2d Cir. 2006) (holding that the § 2J1.2(c)(1) cross-reference applied when a defendant endeavored unsuccessfully to obstruct justice).

sentence"); *see also United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016) (concluding that the defendant's "120-month sentence, which was below the Guidelines range of 151 to 188 months, was reasonable"); *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("It is . . . difficult to find that a below-Guidelines sentence is unreasonable.").

## II.      Bias

Sokol's contention that the district court showed, or appeared to show, bias in sentencing him to 84 months' imprisonment is similarly without merit.   "[A] judge's comments during a proceeding that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'"   *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).   To support such a challenge, the record must indicate a sufficiently "high degree of . . . antagonism." *Liteky*, 510 U.S. at 555.   None of the statements to which Sokol points us rises to that level.

First, Sokol argues unpersuasively that the district court's characterization of Sokol's conduct as "pretty outrageous," App'x at 32, suggests that the district court harbored a bias.   Such commentary alone is insufficient to support a bias challenge.   This comment reflects the district court's assessment of the severity of Sokol's offense, a factor that the district court was required by statute to consider.   *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A).

Second, Sokol argues incorrectly that the district court "complete[ly] reject[ed]" the "overwhelming evidence" that Sokol's behavior resulted from "a twisted and irrational mind induced by alcohol, drugs, and a well-documented anti-social personality disorder," Appellant's Br. at 10, and that the district court evinced bias by stating that Sokol's "bad childhood, [] troubling

6

past, [and] troubling psychiatric history" did not warrant "a free pass," *id.* at 11 (quoting App'x at 32-33). But the district court did not reject this evidence. To the contrary, the district court specifically acknowledged that Sokol's difficult childhood and mental-health struggles provided at least some explanation as to "why [he] did some of these things," commenting merely that they were "not an excuse." App'x at 33. Nor did the district court's comment that Sokol would not get a "free pass" evince any antagonism that would warrant remand.

Lastly, Sokol argues unconvincingly that the district court created an appearance of bias by insufficiently explaining its decisions to (1) impose a sentence higher than the government's recommendation and (2) disregard the Probation Office's recommendation that he be required to receive mental-health treatment while on supervised release. As to the second point, Sokol is factually incorrect: the district court did adopt the Probation Office's recommendation regarding mental health treatment. *See* App'x at 34 ("I will include in the supervised release all of the terms and conditions in the PSR," including the provision related to mental health treatment.). But even if the district court had not done so, our precedent is clear that "[s]entencing responsibility is committed to the judicia[ry]." *Messina*, 806 F.3d at 66. The district court was not required to follow either the government's or the Probation Office's recommendations. And, again, the district court sufficiently explained its reasons for imposing the sentence. *See* App'x at 31–33; *United States v. Pugh*, 945 F.3d 9, 26 (2d Cir. 2019) ("[T]he 'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))).

7

\*       \*       \*

We have considered Sokol's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court