23-7416-cv
Weir v. U.S. Citizenship & Immigr. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-four.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

NICHOLAS WEIR,

*Plaintiff-Appellant*,

v.                                                              No. 23-7416-cv

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), TAMIKA GRAY, NEW YORK DISTRICT DIRECTOR (OFFICIAL CAPACITY), THOMAS M. CIOPPA (INDIVIDUAL CAPACITY), AND ISO I. BOLIVAR (OFFICIAL AND INDIVIDUAL

CAPACITIES),

    *Defendants-Appellees.*[*]

---

FOR APPELLANT:       Nicholas Weir, *pro se*, East Meadows, NY

FOR APPELLEES:       Varuni Nelson, Mary M. Dickman, Assistant United States Attorneys, *for* Breon Peace, United States Attorney, Eastern District of New York, Central Islip, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Nicholas Weir, proceeding *pro se*, appeals from an August 15, 2023 judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*), dismissing his claims against United States Citizenship and Immigration Services ("USCIS") and two USCIS employees arising out of the denial of Weir's application for naturalization. We assume the

---

[*] Tamika Gray has been substituted for former District Director Thomas M. Cioppa pursuant to Fed. R. Civ. P. 25(d) insofar as Cioppa was sued in his official capacity. Cioppa remains a party insofar as he was sued in his individual capacity. The Clerk of Court is directed to amend the caption as set forth above.

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Administrative Procedure Act Claims

Weir principally argues that USCIS violated the Administrative Procedure Act (APA) when it denied his request for an exemption from part of the citizenship Oath of Admission requiring that an applicant affirm his or her willingness to "bear arms on behalf of the United States when required by the law" and "perform noncombatant service in the Armed Forces of the United States when required by the law." 8 U.S.C. §§ 1448(a)(5)(A)-(B).[1]

"On appeal from a grant of summary judgment involving a claim brought under the [APA], we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). The APA requires the reviewing court to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Guertin v. United States*, 743 F.3d 382, 385 (2d Cir. 2014). "The scope of review

---

[1] Weir also claims that USCIS unreasonably delayed adjudication of his applications, but we agree with the District Court that "[t]his claim is moot . . . because USCIS has now adjudicated all three [of Weir's] applications*." Weir v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2223, 2023 WL 5237351, at *4 (E.D.N.Y. Aug. 14, 2023).

under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Agency action is arbitrary and capricious if:

> [T]he agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.*; *see Karpova*, 497 F.3d at 267–68. Under this standard, "so long as the agency examines the relevant [evidence] and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action." *Karpova*, 497 F.3d at 268.

According to the administrative record, USCIS instructed Weir to "give a detailed notarized statement regarding [his] personal beliefs on [his] refusal to bear arms and/or perform a non combatant role in the US military" and "[e]xplain how these beliefs came about and where they are rooted from" while reminding him to "[b]e detailed." App'x 81. Weir responded, "[w]ithout going into too much details of [his] overall belief system," that "maintaining a moral

4

character" and having "utter free-will in any actions [he is] engaging in" are elements of his belief system that prevent him from serving in the United States armed forces. App'x 77. USCIS initially denied Weir's application for failing to establish that his request was "based on religious training and belief or a deeply held moral or ethical code." App'x 74. And as the District Court further explained, when Weir later filed a request for a hearing on the denial of his application, he "merely offered a series of conclusory statements," including that he had "established and passed the three-part test to qualify for modification" of the Oath of Allegiance. *Weir*, 2023 WL 5237351, at *7 (cleaned up). Thereafter, USCIS denied Weir's application once again for failing to "fully articulate [his] belief systems insofar as [his] convictions pertaining to war." App'x 53.

Having considered the administrative record in its entirety, we conclude that USCIS's denial of Weir's application was not "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Guertin*, 743 F.3d at 385 (quoting 5 U.S.C. § 706). Moreover, nothing in the record suggests that any USCIS employees, including the individual Appellees here, engaged in improper conduct in the course of evaluating Weir's application. We accordingly affirm the District Court's dismissal of Weir's APA claims.

## II.    Remaining Claims

"We review *de novo*" the District Court's dismissal of Weir's non-APA claims "pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Alix v. McKinsey & Co.*, 23 F.4th 196, 202 (2d Cir. 2022). Although "[w]e construe a *pro se* complaint . . . to raise the strongest arguments it suggests," the complaint must nevertheless "state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 127–28 (2d Cir. 2021) (quotation marks omitted).

Weir brings a host of constitutional and statutory claims against the Appellees. We affirm the dismissal of Weir's non-APA claims for substantially the same reasons set forth in the District Court's August 14, 2023 opinion and order. *See Weir*, 2023 WL 5237351, at *7–10.

## III.    Motions for Recusal and Sanctions

Finally, Weir challenges the denial of his motion for recusal of the District Judge and his request for sanctions against Appellees' counsel. We review the District Court's denial of Weir's recusal motion for abuse of discretion. *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). "[C]laims of judicial bias must be

6

based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Here, Weir relies on the substance and timing of the District Judge's adverse rulings, neither of which provides a reasonable basis for questioning the District Judge's impartiality. We accordingly affirm the District Court's denial of Weir's recusal motion.

The District Court's denial of Weir's request for sanctions was based only on his failure to comply with Rule 11 of the Federal Rules of Civil Procedure, even though Weir also sought sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power. Nevertheless, our review of the record does not support Weir's contention that sanctions against Appellees' counsel are warranted under § 1927 or otherwise. We therefore affirm the District Court's denial of Weir's sanctions request.

We have considered Weir's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7