11-3821-cr
United States v. Nigro

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

            -v-                                  11-3821-cr(L)
                                                 11-3822-cr(C)
                                                 11-4049-cr(C)


ANTHONY ARILLOTTA, AKA BINGY,
STEVE ALFISI, AKA DD, MARCOS CAIO,
AKA MARK, JAMES COUMOUTSOS,
GEORGE COUMOUTSOS, FELIX TRANGHESE,
EMILIO FUSCO, JOHN BOLOGNA,

                     *Defendants*,

ARTHUR NIGRO, AKA ARTIE, AKA SHORT GUY,
AKA THE LITTLE GUY, FOTIOS GEAS, TY GEAS,

                     *Defendants - Appellants*.

_____

Appearing for Appellants:      Carl J. Herman, Esq., (John Vincent Saykanic, *on the brief*) West Orange, NJ, *for Arthur Nigro*

Ryan Thomas Truskoski, Esq., Harwinton, CT, *for Fotios Geas*

Julia Pamela Heit, Esq. New York, NY, *for Ty Geas*

Appearing for Appellee:      Daniel S. Goldman, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Negar Tekeei, Andrew L. Fish, Assistant United States Attorneys, Of Counsel, *on the brief*), New York, NY

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-Appellants Arthur Nigro, Fotios Geas, and Ty Geas (collectively "Defendants") appeal from the September 13, 2011 judgments of conviction of the district court, following a jury trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants make a number of arguments on appeal. First, Fotios and Ty Geas appeal the district court's denial of their February 11, 2011 motion for a continuance. "The decision whether to grant a continuance is a matter traditionally within the discretion of the trial judge." *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (internal quotation marks omitted). "We review an order denying a continuance for abuse of discretion, and we will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *Id.* (internal quotation marks omitted). Here, the record shows that, prior to denying the motion in question, the district court had previously granted a continuance, and that it had ordered the Metropolitan Detention Center, where Defendants were housed, to provide library time for them to review discovery. Furthermore, Fotios and Ty Geas have failed "to specify with any particularity how [they were] prejudiced by not receiving a . . . continuance." *United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007). Accordingly, we find that the district court did not abuse its discretion in denying the Geas's motion for a continuance.

Next, Fotios Geas argues that the district court erred in refusing to let the defense view sealed material offered by the Government in a December 21, 2010 letter, submitted *ex parte*. The Government has a duty to turn over "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972). "*Brady* does not, however, require the prosecution to disclose *all* exculpatory and impeachment material; it need disclose only material that, if suppressed, would deprive the defendant of a fair trial." *Id.* (internal quotation marks omitted).

2

We have reviewed district court rulings with respect to the nondisclosure of evidence for abuse of discretion, *United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010), but have also held that "[w]hile the trial judge's factual conclusions as to the effect of nondisclosure are entitled to great weight, we examine the record *de novo* to determine whether the evidence in question is material as a matter of law," *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005). After an independent review of the *ex parte* submission, we conclude that the district court did not err in holding that the government had no duty to disclose its contents under either *Brady* or *Giglio*.

Next, Nigro argues that Judge Castel should have *sua sponte* recused himself. "We review a district court's decision to deny a recusal motion for abuse of discretion." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). "When such a motion was not made below or a new ground for recusal is raised on appeal, we review a district court's failure to recuse itself for plain error." *Id.* Nigro has not shown, under either standard of review, that Judge Castel erred by refusing to recuse himself.

Next, Fotios Geas challenges the district court's decision to empanel an anonymous jury. "We have made clear that when genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." *United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2012) (internal quotation marks omitted). We review the district court's decision to empanel an anonymous jury for abuse of discretion. *Id.* Here, the district court did not err in empaneling an anonymous jury. We have held that "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." *United States v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991). The district court's order noted two things that provide the "something more" in this case: the potential for pre-trial publicity and the fact that Defendants were charged with murder for the obstruction of justice. With respect to pre-trial publicity, we have held that "the likelihood of pre-trial publicity" can "reinforce the district court's decision to empanel an anonymous jury." *United States v. Quinones*, 511 F.3d 289, 296 (2d Cir. 2007). But we question whether here, where the district noted that "[t]he publicity surrounding this case [was] modest but is easily available on the internet," the concern over publicity is sufficient to justify an anonymous jury. However, we need not decide the issue, because we find that the district court's concern with obstruction of justice did provide a sufficient justification. *See id.* (noting that we have affirmed the district court's decision to empanel an anonymous jury where defendants have a history of obstruction of justice).

Next, Fotios Geas challenges the district court's decision to allow the testimony of Mitchell Weissman, which we review for abuse of discretion. *See United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012). Upon review, we find that Weissman did not, as Geas maintains, testify as an expert witness, but instead testified based on personal knowledge, and that his testimony was admissible under Federal Rule of Evidence 602.

Next, Fotios and Ty Geas raise arguments related to the sufficiency of the evidence supporting some of the counts for which they were convicted, which we review de novo. *United States v. Hassan*, 578 F.3d 108, 122 (2d Cir. 2008). "To succeed on such a challenge, [the defendant] must satisfy a heavy burden, as we consider only whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Id.* (internal citation and quotation marks omitted). "We analyze the evidence in the light most favorable to the

3

prosecution, crediting every inference that the jury may have drawn in the government's favor." *Id.* (internal quotation marks omitted). Upon review of the record, we find the evidence sufficient to support the challenged convictions.

Next, Nigro appeals the district court's denial of his motion for a judgment of acquittal pursuant to Rule 29(a), issued following the jury verdict. We review the denial of a motion for judgment of acquittal de novo. *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). Nigro does not seriously contest the sufficiency of the evidence sustaining his convictions but rather challenges the credibility of the government witness testimony at trial. "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury. Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010) (internal brackets, quotation marks, and ellipsis omitted). Accordingly, Nigro's argument fails.

Next, Ty Geas challenges various statements made by the Government during its jury addresses. In challenging the statements of the government during trial, defendants "face a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of their right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). "In evaluating such a claim, we consider: (1) the severity of the alleged misconduct; (2) the curative measures taken; and (3) the likelihood of conviction absent any misconduct." *Id*. at 945-46. Here, we find no misconduct. Most of the statements that Geas objects to merely show the Government reciting its theory of the case. With respect to the argument that the Government impermissibly vouched for the credibility of a witness, Anthony Arillotta, we note that while a prosecutor may not personally vouch for the credibility of a witness, *see United States v. Spinelli*, 551 F.3d 159, 168-70 (2d Cir. 2008), an argument for the credibility of witness testimony based on the evidence and circumstances of the case does not constitute vouching, *United States v. Caracappa*, 614 F.3d 30, 42 (2d Cir. 2010).

Next, Nigro objects to the district court's jury charges. "We review challenged jury instructions *de novo* but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998). Nigro challenges the jury charge in two respects. First, he makes a "general objection" to the district court's explanation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), arguing that the instructions were too complex for the jury to understand. Nigro's argument is without merit because he fails to identify any error in the jury instructions, which correctly state the elements of a RICO offense. *See Quinones*, 511 F.3d at 314. Second, Nigro argues that the district court erred in failing to instruct the jury that testimony relating to the murder of Gary Westerman, with which Nigro was not charged in the indictment, "ha[d] nothing to do with Arthur Nigro." This argument fails because the jury instructions the district court gave were substantively the same as what Nigro requested. A defendant "cannot dictate the precise language of the charge." *United States v. Han*, 230 F.3d 560, 565 (2d Cir. 2000). "If the substance of a defendant's request is given by the court in its own language, the defendant has no cause to complain." *Id.* (internal quotation marks and alteration omitted).

4

Finally, Ty Geas argues that his UNICOR earnings should be exempt from the forfeiture order imposed by the district court. "In reviewing an order of forfeiture, we review the district court's legal conclusions *de novo* and the factual findings for clear error." *United States v. Contorinis*, 692 F.3d 136, 145 (2d Cir. 2012). "UNICOR is the trade name for Federal Prison Industries, Inc., a government corporation that provides work and training opportunities for federal inmates." *Johnson v. Rowley*, 569 F.3d 40, 43 n.1 (2d Cir. 2009) (internal quotations marks omitted). As both Geas and the Government point out, the forfeiture order makes no mention of UNICOR. Geas points to no authority that supports his proposition that his UNICOR earnings should be exempted. Accordingly, Geas's argument fails.

We have considered all of the Defendants' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5