15-212-cr
United States v. Serrano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

---------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                        No. 15-212-cr

ANTHONY SERRANO,
*Defendant-Appellant*,

JAVION CAMACHO, ALEX CESPEDES, GARY SANCHEZ, MANUEL PIMENTEO, DOMINGO VASQUEZ, JULIO CAMACHO, JANCEY VALLE, BENJAMIN JIMENEZ, RAFAEL HUERTA, OSCAR NORIEGA, VICTOR E. MORAL, RAMON JIMENEZ, VICTOR JOSE GOMEZ, JOSHUA ROMAN, BENNY LISOJO, ALI A. HUSAIN, OLIVER F. FLORES, WILFREDO SUAREZ, LOUIS BORRERO,
*Defendants*.

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:        CÉSAR DE CASTRO, ESQ., New York, New York.

APPEARING FOR APPELLEE: RAHUL MUKHI, Assistant United States Attorney (Margaret Garnett, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 14, 2015, is AFFIRMED.

Defendant Anthony Serrano stands convicted after a jury trial of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846;[1] conspiracy to commit Hobbs Act robbery, see 18 U.S.C. § 1951; and brandishing a firearm during the robbery or narcotics offense, see id. § 924(c)(1)(A)(ii). Serrano argues on appeal that (1) the evidence was insufficient to support his § 924(c) conviction, (2) the district court abused its discretion by admitting evidence of uncharged crimes pursuant to Fed. R. Evid. 404(b), and (3) his below-Guidelines sentence of 264 months' imprisonment is substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Serrano was charged with conspiracy to distribute and possess with intent to distribute (1) one kilogram or more of heroin, and (2) 500 grams or more of cocaine, but the jury found that the government did not prove the charged quantity of heroin beyond a reasonable doubt.

2

1.    Sufficiency Challenge to § 924(c) Conviction

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Binday, 804 F.3d 558, 572 (2d Cir. 2015). In conducting such review, we are mindful that a conviction can be sustained on the basis of testimony from a single accomplice, so long as the testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. See United States v. Diaz, 176 F.3d 52, 92 (2d Cir. 1999).

Here, Serrano's confederate, Victor Moral, testified that while Serrano, Moral, and their other confederates were preparing to commit the October 14, 2012 robbery of a known drug dealer by impersonating police officers and pulling over the vehicle in which the target dealer was transporting cocaine, Serrano produced a black plastic bag that contained a handgun. See Trial Tr. 323–25. Moral then provided the black bag to confederate Javion Camacho, who, in later impersonating a police officer, had a handgun strapped to the police vest he wore during the robbery. See id. at 339, 344–45. The jury reasonably could have concluded from this testimony that Serrano supplied Camacho with the firearm that he brandished during the robbery and, thus, aided and abetted a violation of § 924(c). See Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014) (holding that government proves aiding and abetting of § 924(c) crime when it proves

3

that defendant (1) actively assisted underlying offense or use, carry, or possession of firearm, (2) with advance knowledge of that firearm-related conduct).

In urging otherwise, Serrano argues that the jury necessarily found Moral "incredible," as evident from its failure to credit his account of the heroin quantity dealt by the conspiracy. Appellant's Br. 32–34. This argument fails because a jury is free to reject some, without rejecting all, of a witness's testimony, see United States v. Ware, 577 F.3d 442, 447 (2d Cir. 2009), and, indeed, was so instructed in this case, see Trial Tr. 820. Insofar as Serrano's sufficiency challenge is based on the lack of corroboration for Moral's testimony, that "goes merely to the weight of the evidence, not to its sufficiency." United States v. Parker, 903 F.2d 91, 97 (2d Cir. 1990) (explaining that "weight of the evidence is a matter for argument to the jury, not a ground for reversal").

Serrano's argument that there was "no evidence" of the brandishing of a firearm similarly merits little discussion. Appellant's Br. 36. Moral testified that he could see the handle of the handgun in Camacho's vest during the robbery and that the robbery crew generally used firearms to intimidate their victims. See Trial. Tr. 263, 344–45. Further, both robbery victims testified that they understood that the man wearing the bulletproof vest, i.e., Camacho, was armed with a gun during the robbery. See id. at 658, 676. Conflicting victim testimony as to the location of the gun on Camacho's person went to the weight, not sufficiency, of the evidence, and we must defer to the jury's resolution of that conflicting evidence. See United States v. Praddy, 725 F.3d 147, 152 (2d Cir. 2013). Insofar as Serrano argues insufficiency on the basis that the victims testified that they did not see actually the gun, this argument is defeated by the plain

4

language of § 924(c), which defines "brandish" to mean "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, <u>regardless of whether the firearm is directly visible to that person</u>." 18 U.S.C. § 924(c)(4) (emphasis added).

Accordingly, viewed in the light most favorable to the government, the evidence was sufficient to support Serrano's § 924(c) conviction.

2.    <u>Evidentiary Challenges</u>

Serrano faults admission of evidence of (1) his earlier assistance to Moral in selling stolen cargo (the "cargo theft evidence"); (2) New Jersey heroin sales between December 2012 and January 2013; (3) a July 28, 2013 conversation between Serrano and a confidential witness; and (4) Serrano's involvement in another conspiracy to rob a money van and burglarize a New Jersey apartment. We review the district court's evidentiary rulings for abuse of discretion, <u>see</u> <u>United States v. Nektalov</u>, 461 F.3d 309, 318 (2d Cir. 2006), which we do not identify here.

The law permits the admission of uncharged crimes, wrongs, or other acts for purposes other than proving propensity. <u>See</u> Fed. R. Evid. 404(b); <u>United States v. LaFlam</u>, 369 F.3d 153, 156 (2d Cir. 2004) (explaining this court's inclusionary approach to Rule 404(b) evidence). Nevertheless, Rule 403 requires the exclusion of such evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; <u>see</u> <u>United States v. Curley</u>, 639 F.3d 50, 57 (2d Cir. 2011) (stating that, in reviewing Rule 404(b) evidence, court considers, among other things, whether evidence is unfairly prejudicial under Rule 403).

5

a.  Cargo Theft Evidence

The cargo theft evidence was admitted "to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, [and] to explain the mutual trust that existed between" Serrano and Moral. United States v. Diaz, 176 F.3d at 79 (internal quotation marks omitted). Serrano argues that because he did not contest the existence of his relationship with Moral, any probative value was outweighed by the danger of unfair prejudice. The district court's contrary view cannot be deemed an abuse of discretion. The challenged evidence permitted the jury to understand why, when Moral and Serrano met in 2012, Moral would feel comfortable offering to sell Serrano drugs that had just been stolen, while Serrano sufficiently trusted Moral to say that he "wanted in" and, therefore, quickly entered into the charged robbery conspiracy. Trial Tr. 286; see United States v. Robinson, 702 F.3d 22, 37 (2d Cir. 2012) (rejecting defendant's argument that stipulation rendered evidence unfairly prejudicial under Rule 403 because "stipulation did not complete the story" (internal quotation marks omitted)). Moreover, the district court's clear limiting instruction as to the permissible use of the cargo theft evidence ensured against any unfair prejudice. See United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002).

b.  Heroin Sales Evidence

The district court acted within its discretion in concluding that Serrano's involvement in four heroin sales between December 2012 and January 2013 was not being offered to prove propensity but, rather, as direct evidence of the 2012 to July 2013

6

conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin.  See United States v. Eppolito, 543 F.3d 25, 47 (2d Cir. 2008) ("Where, as here, the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." (internal quotation marks omitted)).  As such, this evidence was highly probative, see United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992) (recognizing high probative value of act done in furtherance of conspiracy because "it is part of the very act charged"), and not unfairly prejudicial so as to preclude admission, see United States v. Curley, 639 F.3d at 57 (explaining that evidence is unfairly prejudicial only if it "tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence").  Accordingly, Serrano's 404(b) challenge to this evidence fails.

c.      Evidence of Additional Robberies

As for evidence of the uncharged money van and home robberies in which Serrano maintains he was not involved, his failure to raise a Rule 404(b) objection at trial limits our review to plain error.  See United States v. Hsu, 669 F.3d 112, 118 (2d Cir. 2012) (stating that plain error requires showing of (1) error; (2) that is clear or obvious; (3) affecting substantial rights, i.e., "affect[ing] the outcome of the district court proceedings"; and (4) calling into question fairness, integrity, or public reputation of judicial proceedings (quoting United States v. Marcus, 560 U.S. 258, 262 (2010))).

Here, we identify no Rule 404(b) error—let alone plain error—because the challenged testimony was direct evidence of the charged robbery conspiracy.  Moral testified that (1) Serrano agreed to commit the money van robbery with him, but, on the

7

planned day of the robbery, instead sent his cousins, who Serrano explained "worked for him," Trial Tr. 306; and (2) after speaking with the drug dealer victim of the home robbery, Moral told Serrano that the victim was looking for Serrano, to which Serrano responded with an expletive and said he "was going to go look for" the victim instead, id. at 387–89, an exchange suggesting Serrano's involvement in the robbery. In these circumstances, Moral's testimony presents no Rule 404(b) or Rule 403 concern. See United States v. Eppolito, 543 F.3d at 47.

       d.      July 28, 2013 Recording

In a July 28, 2013 telephone call, Serrano explained to a confidential witness the planned burglary of a home and stated that he had a confederate ready to "go and do the dirty work" because it was not Serrano's "M.O. . . . to be seen in the area." J.A. 70. Serrano argues that the probative value of this evidence was outweighed by unfair prejudice because the conversation took place after the charged conspiracy and involved uncharged crimes. We disagree. Serrano's discussion of his modus operandi was properly admitted to show his participation in the charged robbery conspiracy through this same method. See United States v. Carlton, 534 F.3d 97, 101–02 (2d Cir. 2008). Indeed, Serrano's July 28, 2013 statements corroborated Moral's testimony that, when he committed robberies with Serrano, Serrano "pretty much just t[old] other people what to do," Trial Tr. 361, and, specifically, that Serrano stayed in his car during the October 14, 2012 robbery after instructing his confederates who carried it out. Given defense arguments that Serrano was not a member of the robbery conspiracy because he was not present at various robberies and relevant events, Serrano's acknowledgement of a modus

8

operandi that avoided such presence was highly probative. See, e.g., Trial Tr. 133, 789. In light of the district court's limiting instruction, we cannot conclude that admission of this evidence was an abuse of discretion. See United States v. Carlton, 534 F.3d at 102.[2]

In sum, each of Serrano's challenges to the district court's evidentiary rulings is without merit and, therefore, his contention that the cumulative effect of the challenged Rule 404(b) evidence was unfairly prejudicial similarly fails.

3.      Sentencing Challenge

We review Serrano's sentence for "reasonableness," which is "a particularly deferential form of abuse-of-discretion review." United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012).

Serrano challenges his below-Guidelines sentence of 264 months' imprisonment on the ground that the district court failed to consider disparities between his sentence

---

[2] United States v. Curley, 639 F.3d 50 (2d Cir. 2011), on which Serrano relies, warrants no different conclusion. This court there concluded, among other things, that it was error to admit evidence that, fourteen months after the defendant stalked and harassed his wife, defendant was found in possession of a stolen vehicle in which he had three rifles, ammunition, a bulletproof vest, a ski mask, and a last will and testament suggesting the defendant expected to outlive his wife. See id. at 60–62. The court reasoned that this evidence "bore little similarity" to the defendant's previous stalking and harassment of his wife and, therefore, was not indicative of his intent at that earlier time. Id. at 62. In any event, the probative value of the evidence was outweighed by unfair prejudice because it was "significantly more sensational and disturbing than the charged crimes," particularly where there was no other evidence that the defendant possessed firearms. Id. That is not this case. The conversation evidence bore directly on Serrano's methods for committing robberies, the criminal conduct here at issue.

9

and those of similarly situated co-defendants. See 18 U.S.C. § 3553(a)(6).[3] Section 3553(a)(6) does not require consideration of such case-specific disparities. See United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants."); accord United States v. Ghailani, 733 F.3d 29, 55 (2d Cir. 2013). In any event, Serrano has failed to demonstrate that co-defendants who received lower sentences were, in fact, similarly situated to him. As Serrano acknowledges, co-defendants receiving lower sentences pleaded guilty, whereas Serrano proceeded to trial and did not accept responsibility for his conduct. Indeed, the only other co-defendant who proceeded to trial and failed to accept responsibility received a higher sentence than Serrano. Accordingly, we identify no procedural error rendering Serrano's sentence unreasonable.

Even construing Serrano's challenge as one for substantive reasonableness, it still fails because Serrano identifies no other basis on which to conclude that his below-Guidelines sentence was substantively unreasonable, and we cannot say that the challenged sentence falls outside the range of permissible choices available to the sentencing judge. See United States v. Cavera, 550 F.3d at 189 (explaining that we will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" (internal

---

[3] Although Serrano characterizes this as a substantive reasonableness challenge, Serrano's argument is properly construed as charging the district court with procedural error. See United States v. Cavera, 550 F.3d at 190 (explaining that failure to consider § 3553(a) factors is procedural error).

quotation marks omitted)); <u>cf.</u> <u>United States v. Perez-Frias</u>, 636 F.3d 39, 43 (2d Cir. 2011) (explaining that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances" and, therefore, "it is difficult to find that a below-Guidelines sentence is unreasonable" (internal quotation marks omitted)).

4.    <u>Conclusion</u>

We have considered Serrano's remaining arguments and conclude that they are without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court