23-6605-cr
United States v. Camacho (Serrano)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

United States of America,

*Appellee*,

v.                                                                              23-6605

Javion Camacho, AKA King Kong, AKA Jay, Julio Camacho, AKA King Honesty, Jancey Valle, AKA Chauncey, Alex Cespedes, Gary Sanchez, Manuel Pimenteo, Domingo Vasquez, Benjamin

**Jimenez, Rafael Huerta, Oscar Noriega, Victor Jose Gomez, Joshua Roman, Victor E. Moral, Ramon Jimenez, Ali A. Husain, Louis Borrero, Oliver F. Flores, Benny Lisojo, AKA Benny Blanco, Wilfredo Suarez, AKA Black,**

*Defendants,*

**Anthony Serrano, AKA Chillini,**

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Mitzi S. Steiner, David Abramowicz, Assistant United States Attorneys, Of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Anthony Serrano, *pro se*, Edgefield, SC. |

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying compassionate release is **AFFIRMED**.

Anthony Serrano, *pro se*, appeals the district court's April 26, 2023 denial of his third motion for compassionate release.  He was originally convicted by a jury of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951; and brandishing a firearm during the robbery or narcotics offense, *see id.* § 924(c)(1)(A)(ii) and was sentenced to 264 months' imprisonment.  We affirmed the judgment on direct appeal, rejecting a sentencing-disparity challenge and concluding that the custodial term was otherwise substantively reasonable.  *See United States v. Serrano*, 640 F. App'x 94, 99–100 (2d Cir. 2016) (summary order).

Since then, Serrano has filed three compassionate release motions under 18 U.S.C. § 3582(c)(1)(A).  Relevant here, in rejecting the first motion, the district court discussed the 18 U.S.C. § 3553(a) sentencing factors at length, writing:

> In this case, the [3553(a)] factors and the danger Serrano poses to the community override any extraordinary and compelling reasons justifying his release.  His offenses are serious.  He was an active part of a robbery crew that was willing to impersonate law enforcement and use firearms to assert its will.  He participated in the robbery of a drug dealer on a public street, where a coconspirator brandished Serrano's gun.  This incident posed a danger not only to the direct victims but to the public at large.  This was also not new behavior for Serrano.  His criminal history dates back to 1993 and includes offenses

3

involving theft, weapons, and violent threats. Serrano was not sufficiently deterred by shorter prison sentences.

*United States v. Serrano*, No. 13 CR. 58 (AKH), 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020). The district court also acknowledged signs of rehabilitation but was "not convinced that Serrano is sufficiently reformed and prepared to conduct a life without crime." *Id.*

Serrano's second compassionate release motion was based primarily on the health risks presented by the COVID-19 pandemic. The district court denied this motion on September 3, 2020. It found that while risks created by COVID-19 created extraordinary and compelling circumstances, the § 3553(a) factors overrode these considerations.

Serrano's third compassionate release motion—the one now before the Court—was filed in 2022. In it, he acknowledged the seriousness of the offense and his criminal history, but argued, among other things, that the district court had overlooked that he grew up in a poor community with a lack of family support, a mother struggling with addiction, and an abusive stepfather. He also contended that he had accepted responsibility for his crimes.

The district court again denied relief, reasoning that any extraordinary and compelling circumstances would not outweigh the § 3553(a) factors, which the

4

district court "previously considered" and had not changed since. *United States v. Serrano*, No. 13 CR. 58 (AKH), 2023 WL 3098482, at *1 (S.D.N.Y. Apr. 26, 2023). The district court highlighted three factors: the "nature of Serrano's crime, the need for deterrence, and Serrano's criminal history," all of which weighed against a sentence reduction. *Id.*

Serrano appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). The district court abuses its discretion if it (1) bases its ruling on an erroneous view of the law, (2) makes a clearly erroneous assessment of the evidence, or (3) renders a decision that cannot be located within the range of permissible decisions. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (internal quotations marks and citation omitted).

Under 18 U.S.C. § 3582(c)(1)(A), the district court may reduce a defendant's sentence if both the § 3553(a) sentencing factors and extraordinary and compelling reasons support a reduction. Because a prisoner must meet both requirements, failure on either provides an independent basis to deny relief. *Keitt*, 21 F.4th at 73.

Here, the district court did not abuse its discretion by determining that the § 3553(a) factors weighed against a sentence reduction. The district court properly considered the § 3553(a) factors, both by explicitly incorporating its prior analysis from the first denial of compassionate release and by highlighting the seriousness of Serrano's convictions, criminal history, and the need for deterrence. "A district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," *Halvon*, 26 F.4th at 570 (internal quotation marks omitted), and nothing in the record suggests a lack of consideration here.

\* \* \*

Accordingly, the district court acted well within its broad discretion in concluding that Serrano had not shown that the § 3553(a) factors weighed in his favor. We have considered Serrano's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6